IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH GOZA | § | |
|     Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:17-cv-559 |
| PROACTIVE PARTNERS INC., | § | |
| MAXINE VIGIL RUSSELL, and | § | |
| LAWRENCE EDWARD RUSSELL | § | |
|     Defendants | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Deborah Goza brings this Original Complaint against Defendants, and shows as follows:

**I.  SUMMARY**

1.      This is action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").  Goza worked for Defendants as an hourly paid employee.  During the two-year and three-year period preceding this action, she regularly worked more than 40 hours per workweek, but was not paid at least one and one-half times her regular rate of pay for hours worked over 40 in a workweek.  Defendants' actions in violation of the FLSA are willful.  Goza brings this action to recover unpaid compensation, an equal amount of liquidated damages, attorney fees, interest, and costs.

**II.  PARTIES**

2.      Plaintiff Deborah Goza is an individual who resides in Collin County, TX. She consents to be a plaintiff in this action.

3.      Defendant ProActive Partners Inc. ("ProActive") is a corporation organized under the laws of the State of Texas.  ProActive's principal place of business is located at

13901 Midway Road, Ste. 102-282, Dallas, Texas 75244. ProActive may be served with process by serving its registered agent, Maxine E. Vigil aka Maxine Vigil Russell, at 1714 Green Oaks Dr., Irving, Texas 75061, or at her usual place of business at 3618 Vineyard Way, Farmers Branch, Texas 75234, or wherever she may be found.

4.     Defendant Maxine Vigil Russell is an individual who is a citizen of the State of Texas. She may be served with process at her usual place of business, 3618 Vineyard Way, Farmers Branch, Texas 75234, or wherever she may be found.

5.     Defendant Lawrence Edward Russell is an individual who is a citizen of the State of Texas. He may be served with process at his usual place of business, 3618 Vineyard Way, Farmers Branch, Dallas County, Texas 75234, or wherever he may be found.

## III.  JURISDICTION AND VENUE

6.     This Court has original jurisdiction over this action because Goza asserts a claim arising under federal law. Venue is proper in this district because it the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, at least one Defendant resides in this district, and Defendants conduct business in this district.

## IV.  COVERAGE

7.     At all times material to this action, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Goza.

8.     At all times material to this action, Defendant ProActive has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), in that ProActive acted directly or indirectly in the interest of an employer in relation to Goza. Likewise,

Defendants Maxine Vigil Russell and Lawrence Edward Russell have been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), in that each acted directly or indirectly in the interest of ProActive, an employer, in relation to Goza.

9.      At all times material to this action, Defendants have constituted an enterprise within the meaning of Sections 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants performed (either through unified operation or common control) related activities for a common business purpose.

10.      At all times material to this action, Defendants have constituted an enterprise within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11.      At all times material to this action, Defendants Maxine Vigil Russell and Lawrence Edward Russell have acted, directly or indirectly, in the interest of an employer in relation to Goza.  For example:

    a.   Defendant Maxine Vigil Russell holds herself out to the public as Defendant ProActive's founder, director, and president (*see, e.g.*, http://www.proactivepartners.us/management-leadership/).   Defendant Lawrence Edward Russell is Defendant Maxine Vigil Russell's husband, participates in Defendant ProActive's financial affairs, and performs

services as part of Defendant ProActive's executive leadership.

b. Defendants Maxine Vigil Russell and Lawrence Edward Russell make decisions relating to significant aspects of Defendant ProActive's day-to-day business;

c. Defendants Maxine Vigil Russell and/or Lawrence Edward Russell have the authority to sign and deposit checks on Defendant ProActive's accounts; and

d. Defendants Maxine Vigil Russell and/or Lawrence Edward Russell make decisions affecting the terms and conditions of employees' employment, including how much to pay them, and whether to pay overtime compensation for hours worked over 40 in a workweek. They have the power to hire and fire employees, supervise and control employee work schedules or conditions of employment, determine the rate and method payment, and maintain employment records;

12.    All times hereinafter mentioned, Goza was an employee engaged in commerce or in the production of goods for commerce as defined by the FLSA. Among other things, Goza participated in business transactions on behalf of Defendant ProActive with customers located in California and other states other than Texas while she was employed by Defendants and located in Texas.

## V.  FACTUAL BACKGROUND

13.    Defendant ProActive is a nurse case management company based in Dallas, Texas. ProActive specializes in providing nurse case management services for work-related injuries.

14.     Through its nurse case managers, Defendant ProActive provides field case management throughout Texas, and telephonic case management throughout the continental United States.  ProActive also provides bilingual case management services. Defendant ProActive earns over $500,000 per year in gross sales and has for the years 2014, 2015, and 2016.

15.     Goza began working for Defendants in Dallas in 2008.

16.     Defendants employed Goza as an hourly paid employee at all times from the beginning of her employment until about October 1, 2016.

17.     During her ProActive employment, Defendants regularly scheduled Goza to work more than 40 hours per workweek and, in fact, she regularly worked more than 40 hours per workweek.   For example, Defendants' pay records show that for the workweeks ending August 14, 2015, August 21, 2015, and August 28, 2015, Goza worked 78.92, 69.7, and 71.4 hours, respectively.

18.     Despite working more than 40 hours in a workweek, Defendants did not compensate Goza in accordance with the FLSA's requirements by paying her at least one and one-half times her regular rate of pay for all hours worked in a workweek over 40. Instead, Defendants only paid her "straight" time for hours worked over 40 in a workweek.  This includes the entire period before October 1, 2016.

19.     As a result of the foregoing, Goza was not paid overtime compensation to which she was entitled under the FLSA for hours worked over 40 in a workweek.

20.     For at least the entire period before October 1, 2016, Goza was not exempt from the overtime requirements of the FLSA.

21.     Defendants knew or showed reckless disregard as to whether their failure to

pay Goza overtime for hours worked in excess of 40 hours per workweek was prohibited by the FLSA.

## VI.  CAUSE OF ACTION:
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

22.     Goza incorporates the preceding paragraphs of this Complaint as if stated fully herein.

23.     During the two-year and three-year limitations period preceding this action, Defendants have violated Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing Goza in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating her for her work in excess of 40 hours per week at a rate no less than one-and-one-half times the regular rate for which she was employed.  Defendants have acted willfully in failing to pay Goza in accordance with the law.

## VII.  CONDITIONS PRECEDENT

24.     All conditions precedent have occurred or been performed.

## VIII.  RELIEF SOUGHT

25.     WHEREFORE, cause having been shown, Plaintiff Deborah Goza prays for judgment against Defendants, jointly and severally, seeks the following relief:

a.  For an Order, pursuant to Section 16(b) of the FLSA, finding Defendants liable for unpaid overtime wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff; and

b.  For an Order awarding Plaintiff the costs of this action; and

c.  For an Order awarding Plaintiff attorneys' fees; and

d.  For an Order awarding Plaintiff pre-judgment and post-judgment interest, as allowable, at the highest rates allowable by law; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Barry S. Hersh
State Bar No. 24001114

*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*

Hersh Law Firm, PC
3626 N. Hall St., Suite 800
Dallas, TX 75219-5133
Tel.  (214) 303-1022
Fax  (214) 550-8170
barry@hersh-law.com

ATTORNEY FOR PLAINTIFF